# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA HODGE, individually and on behalf of others,<br><br>    Plaintiff,<br><br>v.<br><br>REVCO SOLUTIONS, INC. fka PROFESSIONAL RECOVERY CONSULTANTS, INC.,<br><br>    Defendant. | Case No.: 20-cv-02421-H-MDD<br><br>**ORDER GRANTING 90-DAY CONTINUANCE OF ALL DATES AND DEADLINES IN THE ACTION**<br><br>[Doc. No. 8.] |

On December 11, 2020, Plaintiff Laura Hodge filed a class action complaint against Defendant Revco Solutions, Inc. formerly known as Professional Recovery Consultants, Inc., alleging claims for: (1) illegal recording of cellular phone conversations in violation of California Penal Code § 632.7; (2) negligence; and (3) invasion of privacy. (Doc. No. 1, Compl.) On January 6, 2021, Defendant filed an answer to Plaintiff's complaint. (Doc. No. 6.)

On January 6, 2021, Defendant filed a motion to stay the action pending resolution of the California Supreme Court's decision in Smith v. LoanMe, Inc., Case No. S260391. (Doc. No. 8.) On January 14, 2021, Plaintiff filed a response of non-opposition to Defendant's motion to stay. (Doc. No. 10.) A hearing on Defendant's motion to stay is

currently scheduled for February 8, 2021 at 10:30 a.m. The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the reasons below, the Court grants a 90-day continuance of all dates and deadlines in the action.

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)); see also United States ex rel. Hoggett v. Univ. of Phoenix, 863 F.3d 1105, 1109 (9th Cir. 2017) (A district court can "enter[] a stay under its authority to control its own docket 'to provide for a just determination of the cases pending before it.'"). Thus, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979).

In deciding whether to stay an action pending resolution of an appeal in another case, a district court should weigh various factors, including (1) "'the possible damage which may result from the granting of a stay;'" (2) "'the hardship or inequity a party may suffer'" if the case goes forward; and (3) "'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)). Further, "'[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time.' Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (citations omitted). "The proponent of a stay bears the burden of establishing its need." Clinton, 520 U.S. at 708.

Here, Defendant requests a stay of the present action pending the California Supreme Court's decision in Smith v. LoanMe, Inc., Case No. S260391. (Doc. No. 8 at 3.)

1  Defendant argues that a stay of the action pending the decision in Smith is appropriate
2  because in Smith, the California Supreme Court will determine the proper applicability of
3  Section 632.7 of the California Invasion of Privacy Act, Cal. Penal Code § 630, et seq.[1]
4  (Id. at 3-4.) Defendant argues that in light of this, the California Supreme Court's decision
5  in Smith has the potential to dispose of Plaintiff's claim for violation of California Penal
6  Code § 632.7 in its entirety. (See id.)

7  In addition, Defendant notes that the requested stay should not be lengthy or
8  indefinite. Defendant notes that the California Supreme Court heard oral arguments in
9  Smith and the case was taken under submission on January 5, 2021.[2] (Doc. No. 8 at 5
10 (citing Doc. No. 9-4).) Under Article VI, Section 19 of the California Constitution and
11 California Government Code § 68210, the California Supreme Court should issue an
12 opinion or decision within 90 days from the date the case is submitted. See George v.
13 Manheim Investments, Inc., 731 F. App'x 624, 626 (9th Cir. 2018). Defendant argues that,
14 in light of this, it is reasonable to expect that the California Supreme Court will issue its
15 decision in Smith no later than April 5, 2021. (Doc. No. 8 at 5-6.) Moreover, Plaintiff
16 does not oppose the requested stay. (Doc. No. 10.)

17 ///
18 ///
19 ///

---

[1]  Defendant describes the precise issue presented in Smith as follows: "'Does Penal Code section 632.7 prohibit only third-party eavesdroppers from recording calls involving a cellular or cordless telephone, or does it also prohibit participants in calls from recording them without the other participants' consent?'" (Doc. No. 8 at 4 (quoting Doc. No. 9-3); see also Doc. No. 10 at 2.)

[2]  Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of the California Supreme Court's docket sheet in Smith v. LoanMe, Inc., Case No. S260391. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir.2006) ("We may take judicial notice of court filings and other matters of public record."); see, e.g., Roberson v. City of Los Angeles, 220 F. App'x 522, 523 (9th Cir. 2007) (taking judicial notice of a state court docket sheet).

After considering Defendant's arguments and the relevant factors, in lieu of a stay, the Court, exercising its sound discretion, grants a 90-day continuance of all dates and deadlines in the action. Upon issuance of the California Supreme Court's decision in <u>Smith v. LoanMe, Inc.</u>, Case No. S260391, the parties must file a joint notice informing the Court of the California Supreme Court's decision within seven (7) days from the date the decision is filed.

**IT IS SO ORDERED.**

DATED: January 26, 2021

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT